Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1409 | **DATE** | 4/5/2012 |
| **CASE TITLE** | Terrence Willis (K-74561) vs. Andrew Pronger, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is denied without prejudice to him submitting a completed application on this court's form. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint that both complies with Fed. R. Civ. P. 8(a) and demonstrates that his claim is timely. Within 30 days of the date of this order, plaintiff must: (1) either pre-pay the $350 filing fee or submit a completed IFP application, and (2) submit an amended complaint. The clerk is directed to send plaintiff an IFP application and an amended complaint form. Plaintiff's failure to both resolve the filing fee issue and submit an acceptable amended complaint will result in the dismissal of this case.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　　Plaintiff Terrence Willis, an inmate incarcerated at Stateville Correctional Center, has filed this 42 U.S.C. § 1983 civil rights action against Internal Affairs Officer Andrew Pronger, former and current Stateville officials, and Administrative Review Board Member Sarah Johnson. Plaintiff alleges that Pronger made harassing calls to plaintiff's sister, that Pronger improperly restricted visitation from plaintiff's sister, and that plaintiff was wrongfully disciplined for impeding an investigation and calling Pronger a clown in a letter to a prison counselor. Plaintiff states that his complaints and requests for information to Stateville officials and Sarah Johnson were ignored. The events described by plaintiff occurred in 2007 and 2008.

　　　　Plaintiff seeks to file his complaint IFP; however, his application is neither on this court's form nor contains a certificate from an authorized officer, wherein the officer attests the amount of funds in plaintiff's prison trust fund account. The Prison Litigation Reform Act ("PLRA") requires inmates to pay the full filing fee, which currently is $350. If unable to pre-pay the fee, the inmate may seek to proceed IFP to pay the fee in monthly deductions from his prison trust fund account. A request to proceed IFP must be made by submitting a completed application on this court's form so that the court may assess an initial partial filing fee and direct the trust fund officer to deduct an initial partial fee and future amounts from the inmate's account until the $350 filing fee is paid. The IFP application must include both a certificate from an authorized officer and "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP application, although including his trust fund statement, does not include a certificate. Accordingly, the instant IFP motion is denied without prejudice to plaintiff submitting a completed application. Plaintiff is given 30 days from the date of this order to comply. His failure to do so will result in the summary dismissal of this case. N.D. Ill. Local Rule 3.3(e).

　　　　Additionally, preliminary review of the complaint, *see* 28 U.S.C. § 1915A, indicates that the complaint cannot proceed. First, plaintiff's complaint raises issues about events that occurred in 2007 and 2008. In Illinois, the statute of limitations period for § 1983 claims is two years. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff's complaint was filed in February 2012, and it appears untimely on its face. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("when the existence of a valid affirmative defense is so plain

| STATEMENT |
|---|

from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit"). Plaintiff must demonstrate that his complaint is timely before it can proceed.

Also, the complaint consists of pages of a narrative that is not only difficult to follow but also difficult to understand what claims are being asserted. As stated above, the complaint appears to allege claims of improer visitation restriction of plaintiff's sister and improper disciplining of plaintiff for impeding an investigation. If plaintiff files an amended complaint, he should provide "short and plain statements" clearly indicating what his claims are and the grounds upon which his claims are based. *See* Fed. R. Civ. P. 8(a); *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 775 (7th Cir. 1994) (Rule 8(a) ensures that defendants and the court understand the claim); *see also Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (pro se pleadings are afforded liberal construction, but they must still be understandable).

If plaintiff wants to proceed with this case, he must, within 30 days of the date of this order: (1) either pay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint that both demonstrates that his claims are timely and more clearly and simply states his claims. Failure to comply with this order within 30 days may be construed as plaintiff's desire not to proceed with this case and will result in dismissal of this action. The clerk is directed to send to plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.