# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1409 | **DATE** | 7/18/2012 |
| **CASE TITLE** | Terrence Willis (K-74561) vs. Andrew Pronger, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [5] is granted. The trust fund officer at plaintiff's place of confinement is directed to make deductions from plaintiff's account in accordance with this order. Plaintiff may proceed with his amended complaint [7] and the clerk shall issue summonses for service of the amended complaint on the defendants. Plaintiff's motion for the appointment of counsel [6] is denied without prejudice. The clerk shall mail a copy of this order to the trust fund officer at Stateville Correctional Center and to plaintiff.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Terrence Willis, an inmate incarcerated at Stateville Correctional Center, has submitted a completed *in forma pauperis* ("IFP") application and an amended complaint in response to the court's April 5, 2012, order. His IFP application indicates that he cannot pre-pay the filing fee. The court thus grants his motion to file his complaint IFP, and assesses an initial partial filing fee of $5.33. The inmate trust fund officer at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Stateville authorities shall notify transferee authorities of any outstanding balance in the event he is transferred.

Plaintiff's amended complaint again alleges, for the most part, allegations that he has been and continues to be denied visits from his sister since 2007. He contends that such a prolonged restriction violates a state created right to visits as stated in 730 ILCS 5/3-7-2(f). Briefly addressing plaintiff's allegations, he asserts the following: his sister came for a visit in 2007; Internal Affairs Officer Andrew Pronger sought information from her about the identity of a person she and plaintiff discussed during their visit; when she refused, she was restricted from visiting plaintiff and has been restricted since then; plaintiff was disciplined for not cooperating with Pronger or for complaining about the restriction; plaintiff and his sister's efforts to lift the restriction have failed.

Although Plaintiff's complaint chronicles not only the events that led to the visitation restriction, but also his complaining about the restriction and disciplinary actions against him, Plaintiff's allegations center on the visitation restriction, and his and his sister's inability to have the restriction lifted. Plaintiff's allegations that

**STATEMENT**

he has a protected liberty interest in visitation arguably asserts a valid § 1983 claim, *see Gavin v. McGinnis,* 866 F.Supp. 1107, 109-11 (N.D. Ill. Oct. 24, 1994) (addressing whether section 5/3-7-2 creates a liberty interest in visits for Illinois inmates); even though, assuming such a right exists, his complaint raises a question whether he received the process that is due with respect to the visitation restriction. *Id.* at 1110 n.2 (stating that notification of the restriction and the reasons for it and an opportunity to challenge the restriction regularly affords inmates due process with restrictions to the right).

Accordingly, plaintiff may proceed with his claim that the visitation restriction for his sister violates a constitutional liberty interest. The defendants shall respond to this claim. Plaintiff's claims that he was impermissibly disciplined for complaining about the restriction in 2007 or 2008, as well as claims about incidents occurring more than two years not directly involving the visitation restriction, are dismissed as untimely. The visitation-restriction claim may qualify as a continuing tort, given that the restriction continues; however, plaintiff's other claims are distinct from this visitation issue and could have been raised earlier. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (the statute of limitations period for § 1983 claims in Illinois is two years).

The defendants are thus directed to respond only to plaintiff's claim that a visitation restriction was impermissibly imposed and that the continuation of the restriction violates plaintiff's constitutional liberty interest in visits.

The clerk shall issue summonses for service of the complaint on defendants, Internal Affairs Officer Andrew Pronger, former Statveille wardens Terry McCann, Randy Pfister, and Marvin Reed, current Stateville warden Marcus Hardy, and Administrative Review Board member Sarah Johnson. The United States Marshals Service is appointed to serve these defendants Any service forms necessary for Plaintiff to complete for service will be sent by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of unserved defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employee no longer at the work address provided by Plaintiff, Stateville officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. The Marshal is authorized to mail requests for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If waivers of service are not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any filing to defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's current motion for the appointment of counsel is denied without prejudice. The issues of this case are not complex, and plaintiff appears competent to represent himself. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).